UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
                              :
EDWIN ANTONIO ALGARIN MOURE   :   Civ. No. 3:19CV01468(SALM)
                              :
v.                            :
                              :
ANDREW M. SAUL,               :
COMMISSIONER, SOCIAL SECURITY :
ADMINISTRATION                :   August 25, 2020
                              :
------------------------------x

## RULING ON CROSS MOTIONS

Self-represented plaintiff Edwin Antonio Algarin Moure ("plaintiff") brings this appeal under §205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. §405(g), seeking review of a final decision by the Commissioner of the Social Security Administration (the "Commissioner" or "defendant").[1] On April 20, 2020, plaintiff filed a "Motion to Remand the Case and Granted Judgment[.]" Doc. #53 at 1 (sic). On June 23, 2020, plaintiff filed a second motion seeking to remand this matter for the same reasons set forth in his April 20, 2020, motion.

---

[1] Defendant claims that plaintiff erroneously "asserts that this case should be remanded 'under sentence six of 42 U.S.C. §§405(g).'" Doc. #59-1 at 6 (citing Pl's Br. at 1-2). The Court does not construe plaintiff's brief as making such an assertion. Rather, plaintiff appears to refer to defendant's motion to remand that was filed on December 13, 2019. See Doc. #53 at 1; see also Doc. #33. Further, the Complaint asserts that plaintiff "bring[s] this action under section 205(g) of the Social Security Act, 42 U.S.C. §405(g)[.]" Doc. #1 at 1.

1

See Doc. #58. Defendant has filed a motion for an order affirming the decision of the Commissioner. [Doc. #59].

For the reasons set forth below, plaintiff's "Motion to Remand the Case and Granted Judgement" (sic) [**Doc. #53**] and "Motion to remand the case according to the documentation submitted as evidence" (sic) [**Doc. #58**] are **DENIED,** and defendant's Motion for an Order Affirming the Decision of the Commissioner [**Doc. #59**] is **GRANTED,** to the extent defendant contends that the Court lacks jurisdiction to review the Administrative Law Judge's fully favorable decision. The Complaint [**Doc. #1**] is hereby **DISMISSED** for lack of subject matter jurisdiction.

I.  **PROCEDURAL HISTORY**[2]

Plaintiff filed an application for Supplemental Security Income ("SSI") on January 28, 2015, alleging disability beginning on February 10, 2010. See Certified Transcript of the Administrative Record, Doc. #38, compiled on January 28, 2020, (hereinafter "Tr.") 464-70. Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 5, 2015, also alleging disability beginning on February 10, 2010. See Tr. 457-63. Plaintiff's applications were denied initially on May 4,

---

[2] Simultaneously with his motion, defendant filed a Statement of Facts. [Doc. #60-1].

2015, see Tr. 317-41, Tr. 395-99, and upon reconsideration on August 4, 2015. See Tr. 342-67, Tr. 407-09.

Plaintiff, through his Attorney, Mario Arroyo Maimi (hereinafter "Attorney Arroyo"), later amended his onset date to March 7, 2014. See Tr. 533. The amendment is reflected in a "Change of Onset Date" form dated July 30, 2018, and signed by both plaintiff and Attorney Arroyo. See id. This form, which is written in both English and Spanish, states: "After examining the medical evidence of record, I hereby wish to change the onset date: From Feb 2010 to March 7, 2014[.]" Id. (sic).

On August 1, 2018, plaintiff, represented by Attorney Arroyo, appeared and testified at a hearing before Administrative Law Judge ("ALJ") Harold Glanville. See generally Tr. 291-316. Vocational Expert Dr. Ariel Cintron Antonmarchi also appeared and testified at the hearing. See Tr. 311-14. On August 10, 2018, the ALJ issued a fully favorable decision, finding that plaintiff "has been under a disability as defined in the Social Security Act since March 7, 2014, the amended alleged onset date of disability[.]" Tr. 286 (emphasis added); see also Tr. 272-87 (ALJ's decision). On August 1, 2019, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby making the ALJ's August 10, 2018, decision the final decision of the Commissioner. See Tr. 6-11. The case is now ripe for review under 42 U.S.C. §405(g).

## II. **STANDARD OF REVIEW**

The Court presumes familiarity with the standard applicable to the review of a Social Security determination. See, e.g., Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). The reviewing court's responsibility is to ensure that a claim has been fairly evaluated by the ALJ. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983). However, the Second Circuit has "long held that our judicial review over Social Security determinations pursuant to 42 U.S.C. §405(g) 'makes no provision for judicial review of a determination favorable to the complainant.'" Heller v. Comm'r of Soc. Sec., 328 F. App'x 74, 75 (2d Cir. 2009) (quoting Jones v. Califano, 576 F.2d 12, 19 (2d Cir. 1978)). "Courts have found the Commissioner's decision to be fully favorable when the Commissioner determines that a plaintiff is disabled and awards all of the benefits to which the plaintiff is entitled." Poinsett v. Comm'r of Soc. Sec., No. 1:16CV08247(KHP), 2017 WL 4220468, at *3 (S.D.N.Y. Sept. 22, 2017).

## III. **THE ALJ'S DECISION**

Under the Social Security Act, every individual who is under a disability is entitled to disability insurance benefits. See 42 U.S.C. §423(a)(1)(E). Determining whether a claimant is disabled requires a five-step process. See generally 20 C.F.R. §§404.1520, 416.920.

4

Following that five-step evaluation process, the ALJ concluded that plaintiff "has been under a disability as defined in the Social Security Act since March 7, 2014, the amended alleged onset date of disability[.]" Tr. 286. At step one, the ALJ found that plaintiff "has not engaged in substantial gainful activity since March 7, 2014, the amended alleged onset date[.]" Tr. 282.

At step two, the ALJ found that plaintiff has the severe impairments of "lumbar degenerative discogenic disease and bipolar depressive disorders[.]" Tr. 282 The ALJ found the other impairments reflected in plaintiff's medical history to be non-severe. See id.

At step three, the ALJ determined that plaintiff's impairments, either alone or in combination, did not meet or medically equal the severity of any of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. See id.  The ALJ next found that plaintiff has the Residual Functional Capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567 and 416.967 except that he needs to alternate positions between sitting and standing at intervals of 1 hour during a daily 8-hour work routine. He occasionally can climb ramps and stairs; never climb ladders, ropes and scaffolds; and occasionally can balance, stoop, kneel, crouch and crawl. He can use his judgment to understand, remember and carryout short, simple, repetitive instructions and tasks. He frequently can respond appropriately to supervision, coworkers, usual work situations and changes in routine work setting, and occasionally deal with the public.

5

Tr. 283. At step four, the ALJ concluded that plaintiff is unable to perform any past relevant work. See Tr. 285. At step five, after considering plaintiff's age, education, work experience, and RFC, the ALJ found that "there are no jobs that exist in significant numbers in the national economy that the claimant can perform[.]" Id.

**IV.   DISCUSSION**

Plaintiff contends: "[T]he Social Security Administration made a mistake when Deside that the Plaintiff was declare as Disable on March/07/2014. The Plaintiff claims that the disable date are since March/01/2010[.]" Id. (sic); see also id. at 2; Doc. #58 at 1. Liberally construing plaintiff's motion, he appears to assert that the Commissioner's decision was not fully favorable because the ALJ failed to properly determine plaintiff's disability onset date. See Doc. #53 at 1.[3] Defendant contends that the ALJ properly determined plaintiff's disability onset date, and because plaintiff received a fully favorable decision, this Court lacks jurisdiction to conduct a de novo review of the ALJ's decision. See Doc. #59-1 at 3-5.

---

[3] "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation and quotation marks omitted) (emphasis removed).

Plaintiff's original DIB and SSI applications asserted that he was disabled beginning on February 10, 2010. See Tr. 464, Tr. 457. However, as previously noted, plaintiff, through Attorney Arroyo, later amended his onset date to March 7, 2014. See Tr. 533; see also Section I., supra. The ALJ confirmed the change of the onset date during the administrative hearing held on August 1, 2018, at which Attorney Arroyo and plaintiff appeared. See Tr. 293-94; see also Tr. 299.

A claimant's attorney may, on a claimant's behalf, "[m]ake statements about facts and law[,] and [m]ake any request or give any notice about the proceedings[.]" 20 C.F.R. §§404.1710(a)(3)-(4), 416.1510(a)(3)-(4). Absent a showing that plaintiff "was coerced or deceived into stipulating" to the amended onset date, "the attorney's conduct is imputed to" plaintiff. Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010); accord Cairo v. Comm'r of Soc. Sec., No. 15CV05171(DLI), 2017 WL 1047329, at *3 (E.D.N.Y. Mar. 16, 2017) ("In the Second Circuit, absent evidence of coercion or deception, counsel's concession and amendment of the period under review are within his authority" and "the attorney's conduct is imputed to the plaintiff." (citation and quotation marks omitted)); Klos v. Astrue, No. 09CV03039(ARR), 2010 WL 3463174, at *11 (E.D.N.Y. Aug. 30, 2010) ("Absent a showing that plaintiff was coerced or deceived into stipulating to an amended disability onset date,

plaintiff's attorney's conduct is imputed to plaintiff."), aff'd sub nom. Klos v. Comm'r of Soc. Sec., 439 F. App'x 47 (2d Cir. 2011).

Plaintiff does not acknowledge the change form in the record, which reflects his agreement to amend his disability onset date. See Tr. 533. "Absent a showing of coercion or deception, Plaintiff is bound by his agreement and the agreement of his representative to amend the disability onset date." Poinsett, 2017 WL 4220468, at *4. There is no evidence that plaintiff was coerced or deceived. Plaintiff was present at the administrative hearing when the ALJ and Attorney Arroyo discussed the change of the onset date. See Tr. 293-94. Later, during his colloquy with plaintiff, the ALJ stated: "[Y]ou are claiming disability since March 7, 2014[.]" Tr. 299. Plaintiff could have voiced an objection to the change at any time during the hearing, but did not. See Klos, 2010 WL 3463174, at *11 (The plaintiff failed to demonstrate deceit or coercion where she "was present at the hearing when the ALJ addressed the requested amendment of the onset date and plaintiff had the opportunity to state her objection to the amendment at that time but did not.").

Additionally, when plaintiff has complained that the onset date was wrongly determined, he has never claimed that Attorney Arroyo coerced or deceived him into agreeing to the amended

onset date. See, e.g., Tr. 452 (April 4, 2019, letter requesting Appeals Council review: "We understand that we are disabled since March 2010 when we were hospitalized for the same conditions that determined our disability. We understand that this Court determined we are disabled since March 7, 2014[.] ... We ask the Court to [] review the hearing decision and determine our disability from March 2010 instead of March 2014[.]"); Tr. 453 (July 2, 2019, Letter from Milton J. Hernandez "for" plaintiff: "[W]e know that my friend Edwin A. Algarin Moure have a Psychiatric Condition until March 2010 and this agency assign his disable condition on March 2014, we understand that this date is wrong because exists enough evidence that demonstrate his condition[.]" (sic)); see also Tr. 21 (June 1, 2019, Request for Reconsideration: "We are Disable until March 2010 Not on March 2014[.]" (sic)).

Plaintiff does not contend that Attorney Arroyo changed the alleged onset date without his knowledge or consent. Even if he did, however, this would not necessarily constitute coercion or deceit. See Klos, 2010 WL 3463174, at *11 ("Although plaintiff's assertion that she was not informed that her attorney would seek an amendment of the disability onset date is troubling, it does not amount to coercion or deceit."); Stewart v. Astrue, No. 10CV03922(SJF), 2012 WL 32615, at *2 (E.D.N.Y. Jan. 4, 2012) ("Plaintiff argues that she did not authorize her attorney to

change her disability onset date or to withdraw her Title XVI application. However, absent a showing of coercion or deception, plaintiff is bound by the agreement of her attorney." (citation to brief omitted)).

Plaintiff and his attorney voluntarily agreed to amend the onset date to March 7, 2014. See Tr. 533. Thereafter, the ALJ determined that plaintiff "has been under a disability ... since March 7, 2014, the amended alleged onset date of disability[.]" Tr. 286. There is no evidence of coercion or deceit. Accordingly, because the ALJ determined that plaintiff has been disabled since the agreed-upon amended onset date, the ALJ's decision is fully favorable to plaintiff. See Daniels ex rel. Daniels v. Comm'r of Soc. Sec., 456 F. App'x 40, 41 (2d Cir. 2012) ("[T]he record clearly reveals that the ALJ's decision was fully favorable to him because, through his representative, he knowingly stipulated to the amended disability onset date, and was not coerced or deceived into making the stipulation."); see also Poinsett, 2017 WL 4220468, at *3-4; Cairo, 2017 WL 1047329, at *3.

Where an ALJ's decision is fully favorable to a plaintiff, such as the decision at issue here, "the Court lacks jurisdiction to review" that decision. Poinsett, 2017 WL 4220468, at *3; see also Louis v. Comm'r of Soc. Sec., 349 F. App'x 576, 578 (2d Cir. 2009) (affirming District Court's

finding that it lacked jurisdiction to review a fully favorable decision); Cairo, 2017 WL 1047329, at *3 (The ALJ's fully favorable decision was "unreviewable by this Court." (footnote omitted)); Fastiggi v. Comm'r of Soc. Sec., No. 11CV00997(RA), 2014 WL 1285125, at *3 (S.D.N.Y. Mar. 31, 2014) ("[T]he Court lacks jurisdiction to review a favorable decision[.]").[4]

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). Accordingly, because the Court lacks jurisdiction to review the ALJ's fully favorable decision, the Complaint [**Doc. #1**] is

---

[4] As previously noted, plaintiff filed his applications for benefits on January 28, 2015. See Tr. 457-70. "[T]he earliest date on which a claimant can be entitled to disability insurance benefits is one year prior to the date of h[is] application." Howard v. Barnhart, No. 04CV03737(GEL), 2006 WL 305464, at *2 (S.D.N.Y. Feb. 7, 2006); see also 42 U.S.C. 423(b); Mitchell v. Harris, 496 F. Supp. 230, 232 (D.N.J. 1980) (noting "the one year limitation on the payment of retroactive benefits"). Additionally, a "plaintiff may not be awarded SSI benefits for any period of time prior to the month the SSI application is filed." Binder v. Barnhart, 307 F. Supp. 2d 471, 473 (E.D.N.Y. 2004); see also 20 C.F.R. §416.335. Accordingly, even if the Court had jurisdiction to review the ALJ's decision and determined plaintiff's onset date was March 1, 2010, the Agency would not award retroactive benefits to that date given that plaintiff filed his applications in 2015. See Howard, 2006 WL 305464, at *3 ("While the rule denies benefits to applicants during periods in which they were in fact disabled, the plain meaning of the Social Security Act provides for retroactive benefits only for one year prior to the claimant's application date.").

**DISMISSED** for lack of subject matter jurisdiction. See Poinsett, 2017 WL 4220468, at *4.

## V.   CONCLUSION

For the reasons set forth herein, plaintiff's "Motion to Remand the Case and Granted Judgement" (sic) [**Doc. #53**] and "Motion to remand the case according to the documentation submitted as evidence" (sic) [**Doc. #58**] are **DENIED,** and defendant's Motion for an Order Affirming the Decision of the Commissioner [**Doc. #59**] is **GRANTED,** to the extent defendant contends that the Court lacks jurisdiction to review the Administrative Law Judge's fully favorable decision. The Complaint [**Doc. #1**] is hereby **DISMISSED** for lack of subject matter jurisdiction.

SO ORDERED at New Haven, Connecticut, this 25th day of August, 2020.

/s/
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE